## CHASE *v.* SWAIN *et al.*, ADMINISTRATORS.

It is no ground for setting aside a judgment by default, that the defendant was igno-
rant of the law requiring him to answer in ten days.

To plead a former judgment in bar, it must appear not only that it was upon the same
cause of action, but between the same parties.

A judgment against an administrator, though in the form of a common money-judg-
ment by default, is valid, its only effect being to establish the validity of the claim.

A judgment by default may as well be taken against an administrator as any other
party.

APPEAL from the District Court of the Seventh Judicial District,
County of Contra Costa.

This action was brought against the defendants, as adminis-
trators of John Marsh, deceased, for the recovery of a judgment
against said estate, for the sum of $1,052. Personal service of
the summons and complaint was had on both of defendants;
and no answer or demurrer having been filed in time by either
of defendants, a judgment by default was entered, that " the
plaintiff recover of and from the defendants the sum of $1,052,
the amount set forth in his said complaint, with costs and dis-
bursements."

Defendants moved to set aside the judgment on the ground
that the default was taken against them through " mistake, sur-
prise, inadvertence, and excusable neglect." And also " on the
ground that it appears by the complaint that the cause of
action had before the commencement of this action been fully
and fairly adjudicated." The affidavit in support of this motion
alleged ignorance of the law respecting the time for answering,
and "that the whole of said demand has been once adjudicated
in this Court, and judgment concerning the same rendered in
favor of John Marsh in his lifetime." The complaint alleged
that the claim was for services rendered the said John Marsh in
his lifetime by one Ygnacio Sibrian. That in the month of De-
cember, 1855, the said Ygnacio Sibrian assigned by draft, as
collateral security to plaintiff, $500 of said claim. That on the
19th day of May, 1856, the said Sibrian sued, in his own name,
John Marsh, for the recovery of said sum of $1,052, as the trans-
fer of the whole claim had not been then made to plaintiff.
That said Marsh had judgment in said action on the ground that
the action was not brought in the name of the party in interest
in said claim. That on or about the 10th day of December,
1856, the said Sibrian assigned and transferred, by writing, the
whole of said claim, in accordance with the verbal transfer be-
fore made. That on the 11th day of said month of December,
the plaintiff presented said claim, so assigned, accompanied by

the affidavit of said Sibrian and plaintiff, as sole claimant thereto, to the defendant Swain, as administrator, for his approval or rejection of the same, in whole or in part. And that said Swain, as such administrator, rejected the whole claim and refused to allow any portion thereof. The Court below denied the motion to set aside and open said judgment, from which order and judgment the defendants appealed.

*John Currey* for Appellants.

The judgment entered in this action is erroneous, because the facts stated in the complaint do not constitute a cause of action.

In the first place, the complaint shows a former action in the District Court of the Seventh Judicial District, by Sibrian against said John Marsh, in his lifetime, for the same identical cause of action, and a verdict in such action rendered in favor of defendant.

This former action and the verdict rendered, the appellants contend, is a bar to any other action for the same cause.

Where a demand has been once submitted to a jury, and passed upon by them, it is a complete bar to another action for the same cause. Manny *v.* Harris, 2 John., 24; Brockway *v.* Kenney, 2 ib., 210; Phillips *v.* Berrick, 16 ib., 136; Feeter *v.* Mulliner, 2 ib., 181; Young *v.* Blark, 7 Cranch, 565; Cutler *v.* Cox, 2 Blackf., 178.

There is nothing in the complaint showing that Marsh had any notice of the alleged verbal assignment until the same became disclosed upon the trial; and the complaint in this case shows that any assignment that had at that time been made was of an interest in said demand as " collateral security."

By the respondent's own complaint, Sibrian was the legal owner of the demand on which he sued John Marsh at the time his action was commenced in May, 1856, and at the time when the verdict aforesaid was rendered. The only allegation in the complaint which affirms an assignment of any interest in the demand mentioned, is, " that near or during the month of December, A. D. 1855, the said Sibrian did, by draft, assign, as collateral security, to this plaintiff, five hundred dollars of said claim, for value received therefor."

The allegation of the assignment of five hundred dollars of said claim, as contained in the plaintiff's complaint, is meager of the fact, and viewed the most liberally, does not amount to an averment of the transfer of the legal title of any portion of said claim.

If Sibrian gave to Chase a draft on John Marsh for $500, such instrument did not of itself make Marsh debtor to said Chase for such amount. If the draft had been presented to and dishonored by Marsh, then Sibrian might have had his action against Marsh for the demand sought to be drawn by the draft; but Chase by

such draft acquired no legal demand against Marsh, the drawee.

If any assignment did take effect, it was in the nature of a pledge of an interest in the demand to the extent of $500, as collateral security.

Choses in action may be pledged, as a pledge in something put in pawn or deposited with another as a security for the repayment of money borrowed, or for the performance of some agreement or obligation. 2 Kent's Com., 577; Edwards on Bailments, pp. 188, 197; Wilson v. Little, 2 Comstock R., 443; Allen v. Dykers, 3 Hill R., 593.

In the case of a pledge, the pledgor returns the legal title in the thing pledged, and the right to redeem by discharging the original debt or obligation. Garlick v. Janes, 12 John., 147; Edwards on Bail., 201; 2 Kent's Comm., 581, 582; Stearns v. Marsh, 4 Denio, 227.

In the second place, the complaint does not state facts sufficient to constitute a cause of action against the defendants, because it does not appear upon the face thereof that the claim on which this action was brought was presented to the administrators as required by law.

Chapter six of the act to regulate the settlement of the estate of deceased persons, specifies the duties of administrators, and also of creditors, in respect to claims against such estates.

Section one hundred and thirty-one of said act provides as follows :

"Every claim presented to the administrator shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no offsets to the same, to the knowledge of the claimant. The oath may be taken before any officer authorized to administer oaths. The executor or administrator may also require satisfactory vouchers to be produced in support of the claim." Comp. Laws., p. 395.

Unless the claim presented to the administrators be supported by the proof specified in said section, the administrators have no power to allow it. The administrators can act only in cases where the creditor moves them to act by a compliance with the statutory requirements; without the statutory proof they have no power or jurisdiction to allow the claim.

The averment in the complaint, if regarded as true, fails to show a compliance with the requirements of the statute, for the reason that it does not appear that the affidavits established either—

1. That such claim was justly due; or,
2. That no payment has been made thereon ; or,
3. That there were no offsets to the same to the knowledge of the claimant.

For aught that appears, the administrators may have rejected

the claim, for the reason that it was not properly avouched or verified, and before they, as the representatives of said estate, can be charged with an omission to perform a duty enjoined by law, it must appear affirmatively that a case was established by the claimant in respect to such claim, as demanded and required its allowance.

Again, the Court will observe that, by the last clause of said section one hundred and thirty-one, "the executor or administrator may also require satisfactory vouchers to be produced in support of the claim."

This last clause evidently means vouchers in addition to the affidavit of the claimant. Now, I contend that before the administrators can be regarded as in default of their duty in respect to this claim, and the judgment is predicated upon the hypothesis of such a default, the complaint must show that the administrator did not require satisfactory vouchers to be produced in support of the claim.

The reasoning of this Court in the case of Ellisen v. Halleck et al., at the October Term, 1856, is fully applicable to the case at bar.

The one hundred and thirty-sixth section of said act provides that "No holder of any claim against an estate shall maintain an action thereon unless the claim shall have been first presented to the executor or administrator."

There cannot be any doubt that the claim must be presented, sustained by the proper evidence of its justness, and also evidence that no payments have been made on it, and that there are no offsets existing against it, to the knowledge of the claimant. Ellisen v. Halleck, above cited.

The judgment entered is a general judgment against defendants, without qualification; and also entered upon default without any proof to sustain the validity or justness of the demand; on both these grounds the appellants assign error.

Section one hundred and forty of the act to regulate the settlement of estates of deceased persons, provides that the judgment shall only have the effect to establish the claim in the same manner as if it had been allowed by the executor or administrator, and the Probate Judge.

*H. Allen* for Respondent.

The default was properly and regularly taken before the clerk of the District Court. Prac. Act., § 150.

In support of the motion to vacate the judgment in the Court below, the defendant Swain states, in his affidavits: "That the default of the defendants has been taken against them by the inadvertence of this deponent."

In support, the deponent wishes to bring the case within the

scope of the sixty-eighth section of the Practice Act by using the word "inadvertence."

Instead of a statement of facts, in which the Court may determine the questions of inadvertence, as a conclusion of law he adopts the word as his own.

Then what is the sense of the word as it is used in Swain's affidavit? Certainly, nothing more than its ordinary sense, inattention or neglect.

So, in the affidavit of the defendant, James Marsh, the deponent states a conclusion of law when he states in his affidavit, "that the judgment entered in this action was taken against the defendant greatly to the surprise of deponent, and entirely through the excusable neglect of defendants."

The defendants were in no way taken by surprise, for the summons was personally served upon both of them; and the summons gave them notice to answer in ten days or judgment would be taken for the amount claimed.

Swain states in his affidavit "that deponent was not aware that it was necessary to make the answer to said complaint or appear thereto, before the first day of the present March Term of this Court."

This only shows ignorance of the law, and is no ground for relief under the sixty-eighth section of the Practice Act.

In the case of Wallace & Ryland *v.* Mary Bennett, decided at the January Term of this Court, 1855, the defendants, in the affidavits in support of the motion to abate the judgment, stated "that the summons was served while she was lying ill; that as soon as she could she consulted a lawyer, who advised her that it was not necessary to file an answer; as she was a married woman, she could not be sued without her husband; that she was unable to read, and that she has a good defence as the plaintiffs did not perform the service for her they agreed to do when she signed the note."

But the Court says, "There is no error or record which the Court can notice. The judgment was properly taken before the Clerk, and we cannot consider the affidavits on which the subsequent motion was made to vacate the judgment. If the defence has any rights, she must assert them in some other way."

In the case at bar, the affidavits in support of the motion to vacate the judgment, do not state the facts as favorably in support of the motion, as were stated in the affidavit of Mary Bennett, in the case above cited. The case does not come within the scope of the sixty-eighth section of the Practic Act. Such was the opinion of the District Court.

But this appeal was taken from the judgment of the Court below as well as from the order of refusal to vacate the judgment.

Chase *v.* Swain.

Appellants object to the sufficiency of the complaint to support the judgment. One point relied on is a former verdict upon the same subject-matter, in a suit by one Ygnacio Sibrian against John Marsh. The counsel upon this point seems to assume that the former suit was between the same parties.

The authorities he cites on this point are cases in which the former suit was always between the same parties and upon the same subject-matter.

A judgment in a suit for the recovery of money, is no bar to a subsequent suit, unless it be upon the same points, and between the same parties. Phillip, adm'r, *v.* Thompson, 3 Stew. & Potter, 369.

The proposition that Ygnacio Sibrian having no interest in the claim which is the subject-matter of this action, could assume to have an interest and bring suit against John Marsh, and get defeated, and thus bar the right of the real owner to recover his claim, is absurd, and requires no controversy.

The claim was assigned to Chase, by parol, if not in writing, before Sibrian brought suit against John Marsh. Sibrian had no right of action. A debt or claim may be assigned by parol as well as by writing. Any transaction which indicates the intention of the contracting parties to pass the beneficial interest in the claim, is sufficient for that purpose. 2 Story's Eq., 311; Heath *v.* Hale, 4 Taunton, 326.

The appellants' counsel also takes the ground that the plaintiff's claim, when presented by him to the administrators, was not accompanied by the proper affidavit, as required by statute. Comp. Laws, p. 395, § 131.

In answer to this, it may be affirmed that nothing appears in this complaint to show that plaintiff's claim was not accompanied by the proper affidavit.

And it appears that the claim was formally and, in writing, rejected by both administrators before suit was brought against them by plaintiff to recover the claim.

By section one hundred and thirty-two of the statute, when a claim, accompanied by the affidavit required in the preceding section, is presented to the administrator, he shall endorse thereon his allowance or rejection.

It is presumed that the administrator acted according to law, and that the proper affidavit accompanied the claim when presented, from the fact that they acted upon it. 1 Greenleaf on Ev., § 40.

"The neglect of a party to appear and answer to process, legally commenced, in a Court of competent jurisdiction, he having been duly served therewith and summoned, is taken conclusively against him, as a confession of the matter charged." 1 Greenleaf on Ev., § 18.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action against the defendants, as administrators of John Marsh, deceased. Personal service was duly made on both defendants; and, no answer having been filed within the time prescribed by law, a judgment by default was taken.

Defendants moved to set aside the judgment, on the ground that the default was taken by the mistake, inadvertence, or excusable neglect of defendants; and also on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The affidavits in support of the motion not only fail to show any reason for setting aside the judgment on the first ground, but disclose the most gross and culpable neglect on the part of defendants. They were personally served, and took no steps in the matter, even by consulting an attorney, until the time for answering had expired; the only excuse offered for this neglect is ignorance of the law requiring an answer to be filed within ten days.

The objection to the sufficiency of the complaint is not tenable. The complaint shows that Marsh, in his lifetime, was indebted to one Sibrian, who assigned a portion of his claim to plaintiff, as collateral security; that afterwards he made a parol assignment of the whole claim to plaintiff, for a valuable consideration; that, after such assignment, Sibrian brought suit on the demand against Marsh; that it appeared in evidence on the trial that the present plaintiff was the real owner of the claim, and that a general verdict was rendered in that suit for the defendant.

It is now claimed by appellants, that the verdict in that suit is a bar to this action. We are not able to see how the action of Sibrian, after he had parted with his interest in the claim, could prejudice the rights of his assignee, who does not appear to have had any notice of the proceeding. In order to constitute a bar to the action, it should appear that the former suit was not only about the same cause of action, but between the same parties. As the present plaintiff was a stranger to the former suit, his rights are not affected by its result.

We think that the allegation that the claim was presented to the administrators, accompanied, "as vouchers for the truth thereof," by the affidavit both of plaintiff and his assignor, and was formally rejected, sufficient to enable the party to maintain the action without stating the contents of the affidavits.

The objection to the form of the judgment is not well taken; it is entered in the usual forms of judgments by default; and, though upon its face a general money-judgment, yet the one hundred and fortieth section of the Probate Act declares that the effect of such a judgment shall be only to establish the valid-

ity of the claim.   We see no reason why a judgment by default may not be taken against an administrator, as well as any other party.   The law requires that he should be served with process, but provides no means of compelling him to answer.   The default must be taken as an admission of all the material allegations of the complaint, which are, we think, sufficient to entitle plaintiff to recover.

The allegations as to the merits of the defence, contained in the affidavits of defendants, were entitled to no consideration at the hands of the Court.   If defendants had shown any reasonable or valid excuse for their failure to answer, then it would have been proper for the Court below to consider the nature of the facts relied on as a defence; in order to determine whether the ends of justice would be promoted by opening the judgment.

None of the causes for setting aside a judgment by default, mentioned in the statute, are shown to exist in this case, and the Court below properly refused the application.

Judgment affirmed.