**Appellate Department, Superior Court, Fresno**

[Civ. A. No. 5. Nov. 24, 1952.]

EMMA A. GILIO, Appellant, v. VIRGIL CAMPBELL, Respondent.

John D. Chinello and Laurence E. Viau, Jr., for Appellant.

George Roth for Respondent.

DE WOLF, J.—The municipal court granted a motion made under section 473 of the Code of Civil Procedure, by the defendant, in that court, to set aside an entry of a default and a judgment based thereon, which plaintiff secured on May 9, 1952. This is an appeal from that order.

Summarizing the facts of the case, we find that the defendant was personally served with a copy of the summons and complaint on April 25, 1952; that the constable serving the papers on the defendant, at the time of the service, advised the defendant to take care of the matter before it went too far, to which the defendant replied that he would take care of it the next day; that 14 days later, on May 9, 1952, the plaintiff secured the entry of defendant's default and a judgment based thereon against the defendant; that on June 9, 1952, 31 days after plaintiff secured the default judgment, the constable who had originally served the copy of the summons and complaint on the defendant told the defendant that a judgment has been taken against him, and that the court had issued a writ of execution; that on June 11, 1952, the defendant consulted plaintiff's attorney and was told by the attorney that if he (the defendant) planned to resist the satisfaction of the judgment he should procure counsel; that on July 9, 1952, an order requiring defendant to appear in court to answer on supplementary proceedings was served on the defendant, and that on July 10, 1952, 76 days after the service of summons, the defendant consulted an attorney in reference to the order requiring him to appear for examination.

On July 14, 1952, defendant moved the trial court to vacate the entry of the default and to set aside the judgment.

At the hearing on this motion, the defendant testified, so far as is pertinent to this appeal, that he was not familiar with the law; that he had no knowledge that plaintiff could get a judgment against him; that he thought he would be called into court before a judgment could be taken against him;

that he was a labor contractor; that he was very busy; that although he did not owe the money to plaintiff, he was afraid of being "blackballed" (presumably among the labor camps, although the record is silent on this subject) if he didn't pay off; that he was advised by plaintiff's attorney that if he wanted to resist paying the judgment he should consult an attorney; that he did not consult an attorney until the day after he was served with an order to appear in court to be examined on supplementary proceedings; that he at first felt that his reputation as a labor contractor would be injured if he resisted the suit, but that later, after talking to other men and thinking it over, he thought: "Why should I be afraid? It is going to keep on anyway."

On this appeal, we are asked to decide—was the trial judge guilty of an abuse of discretion in granting defendant's motion to vacate the default and set aside the judgment?

■ In *Baratti* v. *Baratti*, 109 Cal.App.2d 917 at 921 [242 P.2d 22], the Appellate Court has stated the basis on which an appeal on this question should be considered, as follows:

"The granting or denial of a motion to vacate a default and a judgment based thereon on the ground of mistake, inadvertence, surprise or excusable neglect, rests in the sound discretion of the trial court; and the order will not be disturbed on appeal unless it clearly appears that the trial court was guilty of an abuse of discretion. ■ All presumptions will be indulged in favor of the correctness of the order and the burden is on the appellant to show that the court's discretion was abused."

■ As a further guidepost in indicating standards by which such a motion should be tested, the superior court, in *Waite* v. *Southern Pac. Co.*, 192 Cal. 467 at page 470 [221 P. 204], stated:

"At all times the trial court is to exercise a sound and legal discretion in passing upon an application for relief against such a judgment. This discretion, however, is not capricious or arbitrary, but is an impartial discretion guided and controlled in its exercise by fixed legal principles. 'It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of justice.' "

From a study of this case, it appears that defendant seeks to justify the order of the trial court on the grounds of mis-

take or excusable neglect. We find nothing indicating a claim of inadvertence or surprise.

 "Mistake," as a ground for setting aside a default, may be either a mistake of fact or a mistake of law. (*Douglass* v. *Todd,* 96 Cal. 655 [31 P. 623, 31 Am.St.Rep. 247]).

 A mistake of fact exists when a person understands the facts to be other than they are; a mistake of law exists when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts. (*Baratti* v. *Baratti, supra.*)

 We are unable to discover any basis for believing that the defendant was laboring under any mistake of fact. A mere reading of the summons served on the defendant would have informed him that if he did not appear and answer the complaint within ten (10) days, a judgment could be taken against him. It is to be noted that the defendant does not claim that he was unaware of the contents of the summons and complaint. In any event, a failure to read the summons would furnish defendant no excuse. (*Garner* v. *Erlanger,* 86 Cal. 60, 62 [24 P. 805]).

 Nor do we find anything to support the conclusion that the defendant is entitled to any relief because of a mistake of law. The testimony of defendant, to the effect that he had no knowledge that the plaintiff could take a judgment against him, and that he thought he would be called into court before a judgment could be taken against him, appears to be the only evidence remotely supporting the theory of a mistake of law. It is difficult to discover how the defendant could have such an idea, particularly when the summons plainly told him that if he did nothing for 10 days plaintiff could take a judgment against him. That same summons also plainly advised defendant to appear in court if he wanted to contest the case. These facts, together with defendant's admission that he was not familiar with the law, do not indicate a misconception of the law, but rather a total ignorance of the law. Such ignorance of the law, when coupled with defendant's grossly negligent conduct, which will be subsequently discussed, will not justify relief. (14 Cal.Jur., p. 1036; *Chase* v. *Swain,* 9 Cal. 130, 136.)

 Passing to the question of "excusable neglect," that term has been held to mean that neglect which might have been the act of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms,* 72 Cal.App.2d 508, 512 [164 P.2d 936].) Considering the facts of this case, we

cannot say that the defendant acted as a reasonably prudent man. The constable, at the time of service, warned defendant to take care of the matter before it went too far, and later told the defendant a judgment had been taken against him. Plaintiff's attorney told him to see a lawyer. But the defendant did nothing until he was served with the order to appear in court to be examined. This is the conduct of a grossly negligent person, and to such a person no relief should be extended. (*Elms* v. *Elms, supra.*).

In the testimony of the defendant concerning his fear of having his reputation injured, and of his later change of mind in this respect, we find nothing supporting any theory on which relief could be granted. ██ A change of mind is not a ground for vacating a judgment. (*Elms* v. *Elms, supra.*).

For the reasons set forth, the order of the trial court is therefore reversed, and said court is ordered to reinstate the default of the defendant and the judgment based thereon.

Shepard, P. J., and Conley, J., concurred.