144 Cal.App.2d 610 (1956)
EMMA YARBROUGH, Appellant,
v.
ROBERT YARBROUGH, Respondent.
Civ. No. 16835. 
California Court of Appeals. First Dist., Div. One. 
Sept. 25, 1956.
 Phil F. Garvey for Appellant.
 No appearance for Respondent.
 PETERS, P. J.
 In this action for separate maintenance the default of the defendant was duly taken, and a default judgment and decree entered. Thereafter, defendant moved to set aside his default. The motion was granted. The wife appeals.
 [1] The appeal is presented on appellant's brief alone, respondent having failed to file a brief in support of the order. This failure imposes an unnecessary burden on this court, and at least raises the inference that respondent concedes that the appeal is meritorious. (Bendlage v. Kohlsaat, 54 Cal.App.2d 136 [128 P.2d 691]; Postin v. Griggs, 66 Cal.App.2d 147 [151 P.2d 887]; see discussion, 4 Cal.Jur.2d p. 334, 496.)
 On December 6, 1954, the wife, appellant herein, in San Francisco, brought an action against her husband, respondent, a San Francisco resident, for separate maintenance, on the grounds of cruelty and wilful neglect, praying for $150 per month for support, plus certain other sums for hospital and medical care. Summons and complaint were served on respondent on December 30, 1954, in San Francisco. The summons bore on its face the standard provision that if served within San Francisco "You are hereby directed to appear and answer the complaint ... within ten days after the service on you of this summons ..."
 "... that unless you appear ... the said Plaintiff will ... apply to the Court for any other relief demanded in the complaint."
 On January 11, 1955, the respondent having failed to appear, appellant secured the entry of respondent's default. On January 18, 1955, respondent moved to set the default aside, the supporting affidavit merely averring in general terms that the default "was taken against defendant by reason of his surprise, inadvertence and excusable neglect" *613 without alleging any supporting facts. An affidavit of merits and a verified answer denying the major allegations of the complaint were also filed, as was also a cross- complaint for a divorce. On January 28, 1955, this motion to set aside the default was denied, without prejudice.
 On February 1, 1955, a default decree of separate maintenance was entered, ordering respondent to pay appellant $130 per month, to pay community debts up to $590, and to pay appellant's attorney's fees of $200 and $25 in court costs. On this same day respondent again filed a notice of motion for an order to set aside the default. Respondent's supporting affidavit avers that the "default therein was taken against defendant by reason of his surprise, inadvertence and excusable neglect in that when affiant was served with a copy of the summons and complaint on or about December 30, 1954, he mislaid the same and did not find them again until he was in default, at which time affiant immediately took the said copy of complaint and summons to Joseph E. Isaacs, Esq., his attorney, who advised affiant of his said default and further advised affiant he would try and negotiate with the attorney for the plaintiff to give affiant the opportunity to file his answer and cross-complaint."
 There was also filed an affidavit of the secretary of respondent's attorney to the effect that she tried to get in touch with appellant's attorney by telephone on several occasions commencing on January 10, 1955 (when respondent was already in default), to ascertain if appellant would permit respondent to file a pleading, but was unable to reach appellant's attorney who was in court when the telephone calls were made.
 On March 1, 1955, the trial court ordered "the motion to set aside default and decree granted after 10 days of this order providing defendant has paid $130.00 temporary alimony and $200 attorneys fees, otherwise motion denied." On March 10, 1955, the wife appealed from the order.
 The first question presented is whether the order involved is an appealable order. [2] Of course, an unconditional order under section 473 of the Code of Civil Procedure setting aside a default judgment is a special order after judgment and therefore appealable. (Colby v. Pierce, 15 Cal.App.2d 723 [59 P.2d 1046]; Casner v. Superior Court, 23 Cal.App.2d 730 [74 P.2d 298]; Harth v. Ten Eyck, 12 Cal.2d 709 [87 P.2d 693].) [3] Where, as in the instant case, the order is conditional, if the order is self-executing, it is still appealable. (Paul v. Walburn, 135 Cal.App. 364 [26 P.2d 1002].) *614 [4] It is only where the conditional order is not self- executing, that is, it contemplates or requires a second order setting aside the judgment, that the first order is interlocutory, and not appealable. (Hayes v. Pierce, 18 Cal.App.2d 531 [64 P.2d 728]; Aalwyn's Law Inst. v. San Francisco, 39 Cal.App. 365 [178 P. 966].)
 In the instant case, it is quite clear that the order sets aside the judgment in 10 days upon compliance with the conditions, and that such order did not contemplate or require the making of a second order. The order, in other words, is self-executing, and therefore appealable.
 The second and basic question presented is whether the trial court abused its discretion in setting aside the default judgment on the basis of the affidavits on file. We think such abuse of discretion here appears as a matter of law.
 We are well aware of the rule that the granting or denying a motion to vacate a default rests in the sound discretion of the trial court, and that the order will not be disturbed unless an abuse of discretion clearly appears. (See for good statements of the rule Baratti v. Baratti, 109 Cal.App.2d 917 [242 P.2d 22]; Berry v. Berry, 140 Cal.App.2d 50 [294 P.2d 757]; Wilterdink v. Wilterdink, 81 Cal.App.2d 526 [184 P.2d 527]; Shearman v. Jorgensen, 106 Cal. 483 [39 P. 863].) We are also aware of the rule that appellate courts, generally, are more inclined toward upholding orders vacating defaults than affirming denials of such motions, in order to dispose of cases, where possible, upon their merits. (Stub v. Harrison, 35 Cal.App.2d 685 [96 P.2d 979]; Montijo v. Robert Sherer & Co., 5 Cal.App. 736 [91 P. 261]; Osborn v. Osborn, 131 Cal.App.2d 191 [280 P.2d 60]; Bodin v. Webb, 17 Cal.App.2d 422 [62 P.2d 155].) We are also aware that this rule applies with particular force to divorce actions. (Garcia v. Garcia, 105 Cal.App.2d 289 [233 P.2d 23]; Mulkey v. Mulkey, 100 Cal. 91 [34 P. 621]; Rehfuss v. Rehfuss, 169 Cal. 86 [145 P. 1020]; Landon v. Landon, 74 Cal.App.2d 954 [169 P.2d 980]; Hambrick v. Hambrick, 77 Cal.App.2d 372 [175 P.2d 269]; Gregory v. Gregory, 92 Cal.App.2d 343 [206 P.2d 1122].) [5] But the discretion conferred is not a capricious or arbitrary one, but a discretion that is guided and controlled by fixed legal principles. (Waite v. Southern Pac. Co., 192 Cal. 467 [221 P. 204]; Gilio v. Campbell, 114 Cal.App.2d Supp. 853 [250 P.2d 373]; Brill v. Fox, 211 Cal. 739 [297 P. 25]; Essig v. Seaman, 89 Cal.App. 295 [264 P. 552].) [6] The burden of showing that the default was entered through mistake, *615 inadvertence, surprise or excusable neglect is on the moving party, and in the absence of such a showing the default may not be set aside. (Elms v. Elms, 72 Cal.App.2d 508 [164 P.2d 936]; Bailey v. Taaffe, 29 Cal. 422.)
 [7] Tested by the standards set forth in the cases we do not think that respondent's affidavit discloses a sufficient excusable inadvertence or neglect to permit the trial court to set aside the default. On December 30, 1954, respondent was served with a summons and complaint which told him that he must appear and answer within 10 days. He did not even consult an attorney for 11 days. His only excuse is that he "mislaid" the documents "and did not find them again until he was in default." No facts are averred as to why or how he mislaid the papers, where he mislaid them, what attempts he made to find them, and why he did not find them sooner. All we have is that the respondent, in full possession of his faculties, mislaid the papers and did not find them until after his default had been taken. [8] The cases are clear to the effect that where the defendant, with full knowledge of the proceedings, and without being misled by the opposing party or counsel, fails to take action to protect his interests until after the default, it is an abuse of discretion to set the default aside. (Elms v. Elms, 72 Cal.App.2d 508 [164 P.2d 936]; Essig v. Seaman, 89 Cal.App. 295 [264 P. 552]; Bailey v. Taaffe, 29 Cal. 422; Fink & Schindler Co. v. Gavros, 72 Cal.App. 688 [237 P. 1083]; Weinberger v. Manning, 50 Cal.App.2d 494 [123 P.2d 531]; Dunn v. Standard Acc. Ins. Co., 114 Cal.App. 208 [299 P. 575].) [9] Nor does the trial court have the legal power to set aside the default simply because the defendant did not realize the legal effect of failing to file an answer. (Gilio v. Campbell, 114 Cal.App.2d Supp. 853 [250 P.2d 373].)
 While, under some circumstances, the courts have held that the trial court may find "excusable neglect" where an employee or associate, or attorney of the defendant erroneously files the papers so that defendant's attention is not called to them (Benjamin v. Dalmo Mfg. Co., 31 Cal.2d 523 [190 P.2d 593]; Gorman v. California Transit Co., 199 Cal. 246 [248 P. 923]; Downing v. Klondike Min. etc. Co., 165 Cal. 786 [134 P. 970]), the courts have been careful to point out that in such cases "The inadvertence of defendant's officers rested not on mere forgetfulness [citation] but on a misunderstanding in the execution of properly given instructions, a mistake 'which might be easily made ... without any culpable carelessness' *616 on the part of the parties concerned." (Bernards v. Grey, 97 Cal.App.2d 679, 685 [218 P.2d 597]; see also Slater v. Selover, 25 Cal.App. 525 [144 P. 298].)
 The affidavit of the secretary of respondent's attorney adds nothing in support of respondent's case. It is to the effect that on January 10, 1955, after respondent was already in default she telephoned to the office of appellant's lawyer "to ascertain if [appellant's lawyer] would allow the said defendant to file a pleading." The affiant was notified by the secretary in the lawyer's office that appellant's counsel was in court, and would be informed of the call when he returned. The same thing happened on the four succeeding days. This is not a sufficient showing that would warrant setting aside a default.
 [10] There can be no doubt that a trial court may find excusable neglect or surprise where settlement negotiations are being had between counsel, and where there is an oral or implied understanding that no default will be taken without notice, and counsel takes such a default without notice. (Waybright v. Anderson, 200 Cal. 374 [253 P. 148]; Greenamyer v. Board of Lugo E. Sch. Dist., 116 Cal.App. 319 [2 P.2d 848]; Beard v. Beard, 16 Cal.2d 645 [107 P.2d 385]; Bonfilio v. Ganger, 60 Cal.App.2d 405 [140 P.2d 861]; Greenwell v. Caro, 114 Cal.App.2d 35 [249 P.2d 573].) But those cases are predicated upon the fact that opposing counsel acted so as to deceive or mislead the defaulting counsel. In the instant case no negotiations for settlement were taking place. There was no conduct or act on the part of appellant's counsel which deceived or misled the respondent or his counsel. When the secretary of appellant's counsel was first approached by respondent's counsel, the time to plead had already expired. Respondent was already in default.
 The order appealed from is reversed.
 Bray, J., and Wood (Fred B.), J., concurred.