Filed 3/30/23  Salcido v. Lopez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| DENISE SALCIDO, | D080911 |
| Plaintiff and Respondent, |  |
| v. | (Riverside Sup. Ct. No. PSC1909307) |
| ALBER LOPEZ et al., |  |
| Defendants and Appellants. |  |

APPEAL from a judgment of the Superior Court of Riverside County, David M. Chapman, Judge.  Affirmed.

Sobero Law Firm and Alberto Sobero for Defendants and Appellant.

S&S Injury Law Group and Ari M. Sharim for Plaintiff and Respondent.

This case underscores the deleterious consequences of default. Defendants who fail to answer a complaint within 30 days must provide a valid basis for setting aside the resulting default on statutory or equitable grounds. The trial court found that no such basis for relief had been shown by the defaulting defendants in this case. As a result, they now face judgments totaling millions of dollars in a case for which they had a potentially meritorious defense.

Courts prefer to hear cases on their merits. Setting the defaults aside here would have resulted in no prejudice to the plaintiff, as default judgment had not been entered. Nonetheless, on our record, the trial court did not abuse its discretion in denying defendants' motion to set aside the defaults. Defendants' proffers were too insubstantial to merit statutory or equitable relief. Specifically, Alber Lopez provided not even a colorable excuse for his neglect that would warrant a statutory set aside under section 473, subdivision (b) of the Code of Civil Procedure.[1] And his parents Veronica and Omar Camara, who waited eight months before seeking help from the court, failed to show *extrinsic* mistake to support equitable relief. With defendants offering no other basis to reverse the resulting default judgment, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a two-car collision in Indio in April 2019.[2] Gladys Ponce was driving a tan-colored Toyota Corolla owned by her father Jose Gutierrez. She traveled northbound on a single-lane road called Sun Gold

---

[1]   Further undesignated statutory references are to the Code of Civil Procedure.

[2]   A copy of the complaint is not included in our record. For context, we draw these facts from the collision report submitted along with the set aside motion.

2

Street.  Kaitlen Salcido sat in the rear passenger seat of Ponce's vehicle.  Sun Gold ends in a T-intersection at Indio Boulevard, a four-lane east-west roadway.  Traffic on Sun Gold is controlled by a stop sign.

As Ponce made a left turn to go westbound on Indio Boulevard, her vehicle was broadsided by a car traveling eastbound.  That car was driven by Alber Lopez.  Kaitlen Salcido was transported to the hospital and later died of her injuries.

In December 2019, Kaitlen's mother Denise Salcido (Salcido) filed a wrongful death action against the two drivers and their parents (presumably as owners of the vehicles).  This appeal solely concerns the case against Lopez and his parents, Veronica and Omar Camara, who are referred to collectively as "defendants."  Omar Camara was personally served on January 5, 2020 and received substitute service for his wife Veronica.  Lopez was personally served on February 18.  Default was entered against the Camaras on February 19.

Due to the COVID-19 pandemic, the Riverside County Superior Court issued a series of emergency orders that prevented entry of default against Lopez.  Lopez was served with a new court mandated form in August 2020, and the clerk's office noted in the register of actions that default could be entered against him on or after September 16.  When Lopez failed to respond, a default was entered on September 16.

Lopez and the Camaras retained counsel.  On October 23, they filed a motion to set aside the defaults.  The motion was brought on statutory grounds under sections 473, subdivision (b) and 473.5.  But it also cited *Rappleyea v. Campbell* (1994) 8 Cal.4th 975 (*Rappleyea*), a case that outlined the requirements for equitable relief.  Along with their motion, defendants submitted a proposed answer and cross-complaint against Gladys Ponce and

3

her father Jose Gutierrez, alleging they were solely responsible for the collision and loss of life. The proposed cross-complaint included as an exhibit the police collision report finding Ponce, the driver of Kaitlen's vehicle, at fault for the accident by failing to stop at the stop sign before turning or yield right-of-way.

Freshly retained, Alberto Sobero submitted a counsel declaration in support of defendants' set aside motion. He explained that he was retained on September 23 and called opposing counsel two days later in an effort to reach a stipulation to set aside the defaults. Opposing counsel told him to file a motion.

No declaration was submitted by the Camaras or Lopez explaining the reason for their default. But there were unsupported factual allegations listed in numbered paragraphs within the body of the set aside motion, under the caption "Statement of Facts." Defendants admitted being served. They stated the Camaras had limited English skills and went to the court for guidance. At the clerk's window, they were told that a case management conference had been set for May 20. They believed they could come to court on that date and present their case to a judge; they did not know they had to file an answer. When they went to court on May 20, thinking their case would be heard, they were told there would be no hearing. Default was entered against the Camaras on February 19.

The motion's "Statement of Facts" also offered details about Lopez. Lopez e-mailed opposing counsel on September 14 requesting a 30-day extension so he could seek an attorney. A printed copy of that e-mail request was attached to the motion. Default was entered against Lopez on September 16. It was only after retaining counsel on September 23 that he and his parents "learned the meaning of default for the first time." They

4

approached opposing counsel seeking a stipulation requesting the defaults to be set aside and were advised to file a motion.

Salcido opposed the set aside motion. She argued that statutory relief was unavailable under section 473.5 because Lopez and the Camaras admitted to having actual notice. She further asserted that the Camaras could not seek relief under section 473, subdivision (b) because more than six months had passed since entry of default. Although Lopez did file within the six-month window, Salcido maintained that he could not claim mistake or excusable neglect where the summons form included a Spanish translation.[3] An attorney declaration attached to Salcido's opposition provided dates of service and defaults.

After hearing arguments from counsel in a telephonic hearing that defendants did not attend, the court confirmed its tentative ruling denying the motion. Individually analyzing the defendants' entitlement to statutory relief, the court reasoned that section 473.5 had no application to the Camaras who "admittedly had notice." And because they filed outside the

---

[3] The Judicial Council adopted a summons form for mandatory use (SUM-100), which provides the following advisement in in English and Spanish: "NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below. [¶] You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in the proper legal form if you want the court to hear your case. . . . If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. [¶] There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. . . ." (Judicial Council, Form SUM-100 [Rev. July 1, 2009].)

six-month window, they were likewise not entitled to statutory relief under section 473, subdivision (b). As to Lopez, the court did not find a sufficient showing of mistake to warrant relief under section 473, subdivision (b). Although Lopez requested a 30-day extension from opposing on September 14 to hire counsel, he had been on notice of the pendency of the case since the date of initial service in February. The court similarly concluded that none of the defendants had shown extrinsic fraud or mistake warranting equitable relief. "Defendants were not prevented from participating in the action and neither the Camaras nor Lopez have offered declarations that establish the facts upon which those arguments are based."

Based on Salcido's evidence alone, the court eventually entered a default judgment in her favor in October 2021. It granted Salcido's request to amend the judgment in November. On December 10, 2021, the court entered judgment awarding Salcido $1,913,457 in damages against the Camaras and Gutierrez, and $3,413,457 in damages against Lopez and Ponce. Defendants appealed.[4]

## DISCUSSION

Defendants challenge the judgment on only one ground. They claim the trial court erred in denying their motion to set aside the defaults. We address the claims as to Lopez and the Camaras separately and conclude that neither met even the minimal showing required for statutory or equitable relief.

---

[4] Defendants' notice of appeal was filed on November 29, 2021. As it references both the October judgment and November order amending it, the appeal will be construed as taken from the subsequent entry of the amended judgment on December 10. (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 122 Cal.App.4th 994, 1003, fn. 5; *McClellan v. Northridge Park Townhome Owners Assn.* (2001) 89 Cal.App.4th 746, 751.)

A.    *The appeal is timely.*

Salcido argues the appeal is untimely because it was not filed within 60 days of the trial court's order denying the set aside motion. That order was entered in December 2020, but the appeal was filed in November 2021. As defendants point out, however, the order denying the motion to vacate the default was not independently appealable. It was properly challenged on appeal from the ensuing default judgment. (*Rappleyea, supra,* 8 Cal.4th at p. 981.) Because defendants filed their notice of appeal within 60 days of the judgment, the appeal is timely.

B.    *The court did not abuse its discretion in denying the set aside motion.*

1.    *Applicable legal principles*

Section 473, subdivision (b) grants statutory authority to set aside a default that resulted from "mistake, inadvertence, surprise, or excusable neglect." Although only "neglect" is qualified by the adjective "excusable," "for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances." (*Shaddox v. Melcher* (1969) 270 Cal.App.2d 598, 601.) Relief is available for an honest mistake of law, not where a party is ignorant of the law and negligent in failing to look it up. (*Security Truck Line v. City of Monterey* (1953) 117 Cal.App.2d 441, 445; see *A&S Air Conditioning v. John J. Moore Co.* (1960) 184 Cal.App.2d 617, 620.) Ordinary prudence is a prerequisite to relief under section 473, subdivision (b). (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513 (*Elms*).)

To obtain a statutory set aside under section 473, the moving party bears the burden to show both a satisfactory excuse for defaulting and diligence in moving to set the default aside upon discovery. (*Huh v. Wong*

7

(2007) 158 Cal.App.4th 1406, 1420.) There is a six-month time limit to seek relief under this provision. (*Schapell Socal Rental Props., LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212 (*Schapell*).)

In certain cases, a motion to set aside a default may also be brought pursuant to section 473.5. That statute authorizes a court to set aside a default or default judgment where service of the summons did not result in actual notice. (§ 473.5, subd. (a); *Schapell, supra,* 85 Cal.App.5th at p. 212.) To obtain relief, the moving party must submit a declaration showing that his or her lack of actual notice was not the byproduct of avoidance of service or inexcusable neglect. (§ 473.5, subd. (b); *Schapell,* at p. 212.) Because it is undisputed that each of the defendants had actual notice of the lawsuit, this provision does not apply.[5]

Where statutory relief is unavailable, a trial court has inherent power to vacate a default on equitable grounds. (*Rappleyea, supra,* 8 Cal.4th at p. 981.) But the standards are more exacting. The moving party bears the burden to prove that the default was procured by extrinsic fraud or mistake. (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290.) Extrinsic fraud occurs where a defendant was kept ignorant or, by means other than his or her own negligence, was prevented from fully participating in the proceeding.

---

[5] The motion stated, "Omar Camara and Veronica Camara had notice but lacked the English skills to understand the process," and it admitted service on all defendants. Attached to the motion was an e-mail from Lopez to opposing counsel two days before the default requesting an extension, impliedly admitting his actual notice. On appeal, defendants claim that although they were served, language barriers and unfamiliarity with the judicial process left them in the dark as to "what they received or what they had to do in response." But they offer no authority—and we can find none—to support the idea that a defendant's lack of comprehension of the legal significance of a summons amounts to a lack of notice giving rise to a statutory remedy under section 473.5.

8

(*Ibid.*) In essence, extrinsic fraud involves one party preventing the other from having his or her day in court. (*Ibid.*) Extrinsic mistake is "a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea,* at p. 981.) It involves excusable neglect due to circumstances such as relying on an attorney who becomes incapacitated or on incorrect guidance by the clerk's office. (*Id.* at pp. 982−983; *Moghaddam,* at p. 290.)

We review the decision to grant or deny a statutory or equitable set aside motion for abuse of discretion. (*Schapell, supra,* 85 Cal.App.5th at p. 212; *Rappleyea, supra,* 8 Cal.4th at p. 981.) "But there is an important distinction in the way that discretion is measured in section 473 cases. The law favors judgments based on the merits, not procedural missteps." (*Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 134 (*Lasalle*); see § 583.130.) Accordingly, "doubts must be resolved *in favor of relief,* with an order denying relief scrutinized more carefully than an order granting it." (*Lasalle,* at p. 134; see *Shamblin v. Brittain* (1988) 44 Cal.3d 474, 478 (*Shamblin*).) As a corollary to this rule, when the defaulting party promptly seeks relief and there is no prejudice to the other side, "very slight evidence" is required to justify granting relief. (*Shamblin,* at p. 478; *Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343; *Lasalle, supra,* 36 Cal.App.5th at p. 140.)[6]

Our generally deferential standard of review sometimes conflicts with the strong policy preference for trial on the merits. As Witkin explains, "[i]n borderline cases, the second principle has the greater weight." (Witkin, Summary of Cal. Procedure (6th Ed. 2022), Attack on Judgment in Trial Court, § 196.) The question is whether this is a borderline case warranting

---

[6] A stronger showing may be required to obtain equitable relief. (*Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 291.)

9

relief. For reasons explained below, we are compelled by our record to conclude it is not.

### 2. *Alber Lopez*

Lopez was initially served with the summons and complaint in February 2020 and served again in August with a form prepared by the Riverside Superior Court in response to the COVID-19 pandemic. Notation in the register of actions permitted entry of default 30 days after the second service, on or after September 16. On September 14, Lopez e-mailed Salcido's counsel requesting a 30-day extension to find a lawyer. Default was entered on September 16.

The set aside motion was filed on October 23. There was no supporting declaration by Lopez attesting to the reasons for the default.[7] But even if we credit the facts contained in the body of the motion (under the arguable theory that a court receiving it would be obliged to afford a chance to resubmit with a proper declaration) they suggest only that Lopez did not learn the meaning of a default until retaining counsel on September 23 and had tried but failed to get an extension from opposing counsel. The set aside motion mentioned a language barrier only as to the Camaras, not Lopez,[8]

---

[7] Had his counsel admitted fault in his declaration, relief under section 473, subdivision (b) would be mandatory on a bare allegation of mistake, inadvertence, surprise, or neglect. (See *Martin Potts & Assocs., Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438−440.) But the declaration submitted here indicated that counsel was retained *after* the default and worked expeditiously to set it aside.

[8] We note the briefs on appeal are somewhat vague about Lopez's English proficiency. Rather, it is suggested that the defendants collectively possessed "limited understanding of English or the court's procedure."

10

and as Salcido noted in her opposition brief, the summons was also printed in Spanish.

The problem for Lopez is that these facts do not amount to even "very slight" evidence of excusable neglect or mistake to merit relief under section 473, subdivision (b). "In examining the mistake or neglect, the court inquires whether 'a reasonably prudent person under the same or similar circumstances' might have made the same error." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276.) As a general rule, "[i]t is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence of a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied." (*Elms, supra,* 72 Cal.App.2d at p. 513.)

Because ordinary prudence is required, courts have rejected such excuses as mislaying documents (*Yarbrough v. Yarbrough* (1956) 144 Cal.App.2d 610, 615 (*Yarbrough*); *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 506), forgetting to respond (*Kooper v. King* (1961) 195 Cal.App.2d 621, 626), or being "buried" at work and dealing with family illness (*Bellm v. Bellia* (1984) 150 Cal.App.3d 1036, 1038). Although Lopez claimed to not understand the legal consequence of a default, a trial court does not "have the legal power to set aside the default simply because the defendant did not realize the legal effect of failing to file an answer." (*Yarbrough,* at p. 615.)

Lopez e-mailed opposing counsel on September 14, two days before his default, requesting an extension. Alone, this extension request does not help

him.  Where a request to opposing counsel seeking a time extension remains unanswered, a subsequent failure to answer amounts to *inexcusable* neglect. (*Iott v. Franklin* (1988) 206 Cal.App.3d 521, 531.)  This is because courts do not countenance unilateral, self-created extensions of time.  (*Ibid.*)  Thus, the two reasons offered by Lopez to the trial court—not understanding the consequences of default and having requested an extension of time from opposing counsel—do not establish excusable neglect in failing to answer.

We pause to note that *Lasalle, supra,* 36 Cal.App.5th 127 (*Lasalle*) reversed the denial of a set aside motion on facts that bear certain similarities to our case.  Like Lopez, the defendant in *Lasalle* sought a brief extension from opposing counsel prior to entry of default.  (*Id.* at p. 131 & fn. 4.)  In reasoning that her set aside motion should have been granted, the appellate court emphasized a mandate in section 583.130 that applies with equal force here—" 'all parties shall cooperate in bringing the action to trial or other disposition.' "  (*Id.* at p. 141.)  Some factors in *Lasalle* also appear in our record—the absence of prejudice in setting aside a mere default where a default judgment was not yet entered, the complexity of the case, and the existence of a potentially meritorious defense.  (*Id.* at pp. 138–139.)

But there are significant differences too.  The defendant in *Lasalle* was an attorney sued for malpractice, and an ethics rule called into question the sharp litigation tactics of plaintiff's counsel in giving her notice before seeking default.  (*Lasalle, supra,* 36 Cal.App.5th at pp. 137–138.)  More to the point, while the defendant's declaration "might have been more polished," it adequately explained how her circumstances as a single parent burdened with a heavy family law caseload and navigating a messy divorce with "significant family emergencies of her own, including an urgent need to take care of taxes and unpaid mortgage payments lest she lose her home,"

impacted her ability to timely respond to the complaint.  (*Id.* at pp. 140, 141.)
The defendant obtained counsel within four days of receiving the request for
entry of default, and she would have done so sooner but for another attorney's
conflict of interest.  (*Id.* at p. 131, fns. 3 & 4.)  Because there would be no real
prejudice in granting the set aside motion, defendant's declaration needed to
make only a " 'weak showing,' " and hers "crossed that threshold."  (*Id.* at
p. 140, italics omitted in first quote.)

It is the thoroughness of the declaration in *Lasalle* that clearly
distinguishes it from this case and compels a different outcome here.  Unlike
the defendant in *Lasalle*, Lopez offered no reason for his delay besides not
knowing the significance of a default.  That reason is inadequate (*Yarbrough,
supra,* 144 Cal.App.2d at p. 615), as mere naiveté does not compel a legal
remedy (*Rappleyea,* at p. 979).  To the extent Lopez intended to argue that he
lacked fluency in English, he nowhere explained why the Spanish advisement
in the summons failed to put him on notice.  Nor did Lopez make any
showing of *extrinsic* mistake that would justify a grant of equitable relief—a
mistake in failing to appreciate the consequence of default is *intrinsic* in
nature.  (See *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472–473 [courts deny
equitable relief where the fraud or mistake was *intrinsic*]; *Barnett v.
American-Cal Medical Servs.* (1984) 156 Cal.App.3d 260, 266 [no extrinsic
fraud where a party "had proper notice and an opportunity in the legal sense"
to prevent a default].)  In short, Lopez failed to furnish a sufficient basis to
merit statutory or equitable relief.

In reaching this decision, we acknowledge the uncomfortable truth that
Salcido would suffer no prejudice from setting aside the default where a
default judgment had not yet been entered.  Her wrongful death action raised
complex questions of liability, with the collision report finding Ponce—not

13

Lopez—at fault. In keeping with the spirit of section 583.130, opposing counsel could have extended the courtesy of a stipulation to permit a trial on the merits. And yet there is no statute or case law that requires relief from default based merely on the absence of prejudice. Rather, defaulting defendants are held to an admittedly flexible standard of "ordinary prudence," which here requires a better explanation of *why* Lopez defaulted. As the Supreme Court has explained, "[p]rocedural law cannot cast a sympathetic eye on the unprepared, or it will soon fragment into a kaleidoscope of shifting rules." (*Rappleyea, supra,* 8 Cal.4th at p. 979.) Given the sparse proffer made by Lopez, we are compelled to find no abuse of discretion in denying him relief.

3.  *Veronica and Omar Camara*

A slightly different analysis applies as to the Camaras. Crediting for purpose of analysis the factual summary contained in their motion, they did not move to set aside the default until eight months after entry, when they retained counsel and "learned the meaning of default for the first time."

The motion suggested that the Camaras had "limited English speaking skills." At some unknown point after being served, they "went to court to ask for guidance and were told at the [clerk's] window that a hearing was set for CMC (Case Management Conference) for 05/20/2020." They "believed they could come to court on 05/20/2020 and present their case to a Judge. They also did not know that they had to file an answer." When they arrived at court on May 20, "thinking their case would be heard," they instead "learned that there would be no hearing." The Camaras did not retain counsel until four months later, on September 23. Their counsel then asked opposing counsel to stipulate to set aside the default and allow an answer, but was told to file a motion.

14

Section 473, subdivision (b) affords no relief to the Camaras because they filed their set aside motion more than six months after entry of default. (*Rappleyea, supra,* 8 Cal.4th at p. 980.) Instead, their motion was directed to the court's equitable power. (*Id.* at p. 981.) Here, as in *Rappleyea,* the Camaras bore the burden to show extrinsic mistake, i.e., that "circumstances extrinsic to the litigation have unfairly cost [them] a hearing on the merits." (*Ibid.*) To obtain equitable relief based on extrinsic mistake, a defendant must show a meritorious case, satisfactory excuse for not timely presenting a defense, and diligence in seeking to set aside the default. (*Id.* at p. 982; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1246.)

Extrinsic mistake was shown in *Rappleyea* where self-represented out-of-state defendants were misinformed by the clerk's office about the fee for filing their answer, causing their answer to be initially rejected. Plaintiff's counsel obtained entry of default and misled defendants into thinking they could not argue inadvertence, mistake, or excusable neglect. Missing the six-month deadline for statutory relief from default, the defendants found themselves liable for a $200,000 default judgment. (*Rappleyea, supra,* 8 Cal.4th at pp. 978–979, 984.) In concluding equitable relief was warranted on these "rare" facts, the Supreme Court cautioned that "mere self-representation" or naiveté were not grounds to set a judgment aside. (*Id.* at pp. 979, 984–985.) It was because of incorrect advice by the clerk's office and plaintiff's counsel that the defendants were entitled to equitable relief. (*Id.* at p. 985.)

Here, as in *Rappleyea,* the proposed answer and cross-complaint suggest a potentially meritorious defense. (*Rappleyea, supra,* 8 Cal.4th at p. 983.) The *Rappleyea* court reasoned that a one year delay was sufficiently diligent to warrant equitable relief where only a default and not default

15

judgment had been entered. (*Id.* at p. 984 [diligence matters less where only a default has been entered].) Ultimately, what distinguishes this case from *Rappleyea* is the showing of extrinsic mistake. Lacking English fluency, the Camaras apparently went to the clerk's window for guidance, were told that a case management conference had been set for May 20, and believed they could present their case on that date.[9] It is not clear what the clerk's office said to the Camaras and whether this guidance was offered before or after they had already defaulted. Nothing in the proffered facts suggests anything other than *intrinsic* mistake in understanding the summons and misapprehending what would happen at a scheduled case management conference.

For the first time on appeal, defendants cite "inordinate and unusual delays and difficulties caused by the Covid-19 pandemic" as a basis for equitable relief. We do not consider this argument because it was not made to the trial court; if anything, it was *plaintiff's counsel* who mentioned the pandemic to explain why Lopez had to be served again in August. Moreover, the Camaras defaulted in February, before Governor Newsom declared a state of emergency on March 4, 2020, and before courts experienced COVID-related delays. While the pandemic may well explain the Camara's failure to timely move to set aside the default under section 473, subdivision (b), we already explained that diligence was not their downfall.

---

9      On appeal, the Camaras similarly state that while they "may have received the summons and complaint, they did not understand what they received or what they had to do in response, given their limited language skills and lack of familiarity with the judicial process." They mistakenly believed they could present their defense at the May 20 case management conference.

Ultimately, a strong policy preference for trying cases on their merits cannot make up for the Camaras' inadequate showing. It was their burden to establish some basis to set aside the default for extrinsic mistake. They submitted no evidence, and even crediting the facts outlined in their motion would not close the gap. We are left to speculate as to what the clerk's office told the Camaras and when and how that communication led them to believe, despite the Spanish-printed advisement in the summons, that they could appear at the May 20 hearing in lieu of filing an answer. And they offer no explanation for why it took an additional four months to obtain a lawyer. On our record, we are compelled to find that the trial court did not abuse its discretion in refusing to vacate their defaults on equitable grounds.

## DISPOSITION

The judgment is affirmed. Salcido is entitled to her costs on appeal.

DATO, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

17