[Sac. No. 3729. In Bank.—August 17, 1926.]

## DELBERT GORMAN et al., Appellants, v. CALIFORNIA TRANSIT COMPANY, Respondent.

[1] DEFAULT—APPLICATION TO SET ASIDE—SECTION 473, CODE OF CIVIL PROCEDURE — DISCRETION—APPEAL.—An application to be relieved from a default judgment, made under section 473 of the Code of Civil Procedure, is addressed to the sound discretion of the trial court, and it is a well-settled rule of the supreme court that the action of the trial court in the exercise of such discretion will not be set aside upon appeal unless an abuse of discretion clearly appears, and that any doubt that may exist in that regard should be resolved in favor of the application, to the end that a trial of the cause upon the merits may be had.

[2] ID.—EXERCISE OF DISCRETION—RULE.—The discretion to be exercised by the trial court in acting upon an application to set aside a default judgment is not capricious or arbitrary, but is an impartial discretion which must be guided and controlled in its exercise by fixed legal principles, and it should, therefore, appear that something more than mere inadvertence or neglect without reasonable excuse or justification existed, and that the inadvertence or neglect in question was not the result of mere forgetfulness on the part of the person or official charged with the duty of responding to the legal process in due time, but that such inadvertence or neglect was based upon other circumstances, which would suffice to render the same excusable.

(1) 4 C. J., p. 840, n. 33, 34; 34 C. J., p. 305, n. 69, p. 365, n. 67, p. 429, n. 79, 82, 83.  (2) 4 C. J., p. 841, n. 46; 34 C. J., p. 302, n. 58, p. 369, n. 70.

APPEAL from an order of the Superior Court of Solano County granting a motion to set aside and vacate a default judgment. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Egerton D. Lakin for Appellants.

Sullivan & Sullivan and Theo. J. Roche for Respondents.

1. Discretion of court as to vacation of judgments, notes, 60 Am. St. Rep. 660; Ann. Cas. 1914D, 159. See, also, 14 Cal. Jur. 1072; 15 R. C. L. 720.

2. See 14 Cal. Jur. 1074; 15 R. C. L. 721.

RICHARDS, J.—This appeal is from an order granting the defendant's motion to set aside and vacate a judgment taken against it by default upon the ground that such default and judgment were the result of the excusable inadvertence and neglect of the defendant. The facts preceding and attending the making and entry of such default and judgment as set forth in the affidavits filed in support of said motion and against the truth of which the appellants made no counter showing at the hearing thereon, are as follows: On January 4, 1924, the plaintiffs commenced this action in Alameda County against the defendant, a common carrier corporation operating automobile stages, to recover damages alleged to have arisen out of the happening of an accident upon one of its stage lines. On January 14, 1924, the summons and complaint in said action were served upon the secretary of said corporation at its office in the city of Oakland, who at once delivered the same to one G. W. Tatterson, who was in charge of the traffic department of the defendant, with the direction that said summons and complaint, together with the file relating to the accident, be delivered to W. E. Travis, the president of the corporation, immediately upon his return from Los Angeles, where he then was and from which he was expected to return within a few days. Said file was placed upon the desk of Mr. Tatterson to await the president's return, but prior thereto was inadvertently taken by one of the employees of the corporation—probably a stenographer in the traffic department —from the desk of Mr. Tatterson and returned to the compartment in which such files were ordinarily kept, and as a result thereof the attention of Mr. Tatterson, who was daily occupied with many details in connection with his immediate department, was withdrawn from said file, with the result that the matter was not called to the attention of the president upon his return, nor in fact until some days after the default of the corporation had been taken and judgment thereon entered against it for the full sum sought by the plaintiffs in the action. On March 17, 1924, several days after the entry of such judgment, Mr. Travis received a communication from the attorney for plaintiffs informing him of the entry of the judgment and demanding immediate payment of the whole amount thereof with interest and costs. He immediately took steps to ascertain the

facts relating to the commencement of said action, the service of the papers therein, and the reasons why the matter had not theretofore been brought to his attention, of which facts he was up to that time entirely unfamiliar, and upon learning the same he presented the matter to the counsel of the defendant for appropriate action, which action in the form of said motion to set aside said default and judgment promptly followed. The trial court upon the hearing of the motion and presentation of the foregoing facts made and entered its order vacating and setting aside the default and judgment, from which order this appeal has been taken. We are of the opinion that the trial court was not in error in so doing. [1] The application to be relieved from this default and judgment was made under section 473 of the Code of Civil Procedure, and was one addressed to the sound discretion of the trial court. It is a well settled rule of this court that the action of the trial court in the exercise of such discretion will not be set aside upon appeal unless an abuse of discretion clearly appears, and that any doubt that may exist in that regard should be resolved in favor of the application, to the end that a trial of the cause upon the merits may be had. (*Jergins* v. *Schenck*, 162 Cal. 747 [124 Pac. 426]; *Nicoll* v. *Weldon*, 130 Cal. 667 [63 Pac. 63].) [2] It is true that the discretion thus to be exercised by the trial court is not capricious or arbitrary, but is an impartial discretion which must be guided and controlled in its exercise by fixed legal principles, and it should, therefore, appear that something more than mere inadvertence or neglect without reasonable excuse or justification existed, and that the inadvertence or neglect in question was not the result of mere forgetfulness on the part of the person or official charged with the duty of responding to the legal process in due time, but that such inadvertence or neglect was based upon other circumstances which would suffice to render the same excusable. Therein lies the distinction, we think, between the cases relied upon by the appellant in support of this appeal and the instant case, and particularly between the case of *Slater* v. *Selover*, 25 Cal. App. 525 [144 Pac. 298], and the case at bar. In the instant case the inadvertence and forgetfulness of the secretary of the corporation was due to the fact that he had delivered said summons and complaint to the manager of

the traffic department of said corporation with instruction to deliver the same to the president thereof immediately upon his return. The inadvertence of the manager of the traffic department in failing to carry out such instruction was attributable to the fact that the file containing said papers had been mistakenly removed from his desk by another employee of the defendant, and that his attention amid the engrossing details of his department was thus withdrawn from the same and from his duty to present the papers to the president of the corporation upon his return. It seems to us that these intervening facts furnish a sufficient basis to justify the conclusion of the trial court that the inadvertence of the officials of the defendant corporation was excusable and justified the order from which this appeal has been taken.

The order is affirmed.

Finch, J., *pro tem.*, Seawell, J., Curtis, J., and Waste, C. J., concurred.