[Civ. No. 11535.   Third Dist.   Jan. 11, 1968.]

RAY KIZER CONSTRUCTION COMPANY et al., Plaintiffs and Appellants, v. VERNON YOUNG et al., Defendants and Respondents.

Carr & Kennedy and R. Russ Peterson for Plaintiffs and Appellants.

Ross L. Bigler for Defendants and Respondents.

FRIEDMAN, J.—Plaintiffs appeal from an order setting aside a default and default judgment. The action, filed in the Superior Court of Siskiyou County, sought recovery of $37,-614.33 for money lent. Defendants were served with process on January 25, 1966. Plaintiffs' counsel then received successive communications from several attorneys, each of whom stated at first that he would represent defendants, then that his representation had ceased. One of these attorneys requested withholding of proceedings for 30 days while defendants secured other counsel. Plaintiffs' attorneys honored this request. No appearance was filed. On August 5, 1966, having seen defendants' advertisement offering their heavy construction equipment for sale, plaintiffs had a default and default judgment entered. They then levied execution on certain of the equipment.

On August 12, 1966, after execution had issued, defendants secured counsel, who purportedly filed a demurrer to the complaint and thereafter filed a notice of motion to vacate the default and judgment. The notice of motion failed to specify any ground for the motion. Before presenting the motion, however, defendants filed a supporting memorandum of points and authorities indicating that they were relying upon Code of Civil Procedure section 473. The demurrer presented by defendants alleged the pendency in Plumas County of another action between the same parties for the same cause.

In support of the motion defendants filed two declarations. In one of these declarations defendant Vernon Young set forth a purported explanation for his failure to make an appearance in the action: "I further certify that on or about February 24, 1966, the firm of TEBBE, CORREIA & KLEAVER, who had been my attorneys withdrew as may [sic] said attorneys. That thereafter I employed RANDOLPH PRESLEIGH, an attorney at Law of Redding, California, and delivered to him my files. That on or about the 12th day of August, 1966, I turned my files over to Ross L. BIGLER, Attorney at Law, to do what might be necessary. That I was unaware that a Judgment had been entered."

The other declaration was by defendants' present counsel, who stated: "I am the attorney for the above-named defendants; that by reasons unknown to your Affiant, Defendant's attorneys, TEBBE, CORREIA & KLEAVER withdrew as said attorneys and substituted in their place and stead ALBERT VERNON YOUNG, in propria persona. That on or about the 12th day of August, your Affiant was substituted as attorney for said Defendants and filed therein a Demurrer to the Complaint, based upon the issue that there is another action pending in the County of Plumas, a copy of said Demurrer being attached hereto as Exhibit 'A.'

"Your Affiant was unaware at the time of filing the Demurrer that a default had been entered."

■ The trial court granted defendants' motion. Its order was an abuse of discretion, because the moving papers utterly failed to set forth any facts showing mistake, inadvertence, surprise or excusable neglect. Vernon Young's declaration omits any excuse or justification for the delay. The attorney's declaration not only supplies no explanation for Vernon Young's failure to appear, it does not even mention Young's codefendants. ■ Appellate courts seldom interfere with the exercise of trial court discretion under section 473, especially when the trial court has granted relief. (See 3 Witkin,

Cal. Procedure (1954) pp. 2115-2116.) Nevertheless, the trial court's discretion is controlled by fixed legal principles, one of which is that the default may not be set aside unless the moving party fulfills the burden of showing its entry through mistake, inadvertence, surprise or excusable neglect. (*Schwartz* v. *Smookler*, 202 Cal.App.2d 76, 80-81 [20 Cal. Rptr. 507]; *Yarbrough* v. *Yarbrough*, 144 Cal.App.2d 610, 614-615 [301 P.2d 426].)

██ Defendants failed utterly to furnish facts showing the existence of any of the statutory grounds specified in section 473. If their declarations express carelessness, however silently, they certainly describe no excuse for that carelessness. Courts do not relieve litigants from the effects of mere carelessness. (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523, 529 [190 P.2d 593].) To be sure, defendants changed attorneys, but there is no explanation for their failure to appear within the time specified in the summons, no claim that they were ignorant, forgetful, sick, or in any condition except one of complete awareness. Apparently, only the impending levy of execution stimulated them into activity. There is no indication of any misleading or overreaching on the part of plaintiffs. To the contrary, plaintiffs appear to have exercised considerable forbearance before taking the default. ██ "The cases are clear to the effect that where the defendant, with full knowledge of the proceedings, and without being misled by the opposing party or counsel, fails to take action to protect his interests until after the default, it is an abuse of discretion to set the default aside." (*Yarbrough* v. *Yarbrough, supra,* 144 Cal.App.2d at p. 615, citing additional authorities.)

██ Defendants argue that they have established a "factual basis" for relief through showing the pendency of the Plumas County action. The grounds for a motion under section 473 are mistake, inadvertence, surprise and excusable neglect, not pendency of another action. Defendants fail to explain how the unresolved lawsuit in Plumas County led them into any mistake, inadvertence, surprise or excusable neglect resulting in their failure to appear in the Siskiyou County action.

There is considerable doubt whether defendants' moving papers adequately showed a meritorious case. (See 3 Witkin, Cal. Procedure (1954) pp. 2112-2113.) There is also a possibility that the trial court's unconditional order setting aside the judgment was an abuse of discretion for the reason that

plaintiffs had levied execution on defendants' construction equipment and, to all appearances, defendants have since become relatively execution proof. Section 473 permits relief upon such terms as may be *just*. Since defendants' failure to show mistake, inadvertence, surprise or excusable neglect demands denial of their motion, it is not necessary to explore these additional issues.

The order from which the appeal is taken is reversed.

Pierce, P. J., and Regan, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 6, 1968.