[No. G008325. Fourth Dist., Div. Three. Dec. 19, 1989.]

ISIAH TAPP, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Ronald Y. Butler, Public Defender, Carl C. Homes, Assistant Public Defender, Thomas Havlena and Marri Derby, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi and Maurice L. Evans, Assistant District Attorneys, Thomas M. Goethals and James J. Mulgrew, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**SCOVILLE, P. J.**—Prior to 1988, the prosecution of a felony in California was barred when the same charge had been twice previously dismissed. Penal Code section 1387.1 was enacted to create an exception to that rule for certain violent felonies. If constitutional, it allows a third opportunity to prosecute after two prior dismissals, assuming specific enumerated circumstances apply.

## I

An information filed in February 1988, charged petitioner with rape, forced oral copulation, burglary and assault. In August 1988, the prosecution was granted a three-month continuance for trial, over petitioner's strenuous objections. He sought extraordinary writ relief from this court, which we granted. In *Tapp* v. *Superior Court* (Aug. 19, 1989) G007101 [nonpub. opn.] we issued a peremptory writ directing the superior court to set aside its order granting the motion to continue and to enter a new order denying the motion. We ordered our decision final upon 'filing. (Cal. Rules of Court, rule 24(d).)

Thereafter, petitioner reappeared in superior court, still ready for trial. Defense counsel argued that the statutory time to begin petitioner's trial had run; the prosecutor contended there would be no speedy trial violation if the trial began that day. The prosecutor announced, however, that she was unable to proceed because of the unavailability of a necessary witness. The trial court dismissed the case pursuant to Penal Code section 1385.

A new complaint alleging the nearly identical offenses (*post*, fn. 1) was filed the same day and petitioner remained in custody unable to post bail. The second filing proceeded to preliminary examination on September 2, 1988. Petitioner had noticed and filed a motion to suppress evidence (Pen. Code, § 1538.5) to be heard in conjunction with the preliminary examination. Before the hearing began, however, the prosecutor objected to the magistrate's entertaining the motion to suppress evidence. Because the same motion had previously been denied in the original case filed against petitioner, the prosecutor argued that the doctrines of res judicata and collateral estoppel barred relitigation of the motion.

The magistrate agreed and refused to hear petitioner's motion to suppress evidence. Thereafter, petitioner was held to answer in superior court for the second time. He successfully set aside the information (Pen. Code, § 995), however, when the superior court determined the failure to hear the motion to suppress evidence denied petitioner a substantial right at the second preliminary hearing. A third filing led to the instant action. Petitioner seeks extraordinary writ relief, contending this third filing is barred because the charges have been twice dismissed within the meaning of Penal Code section 1387.

## II

Penal Code section 1387, in pertinent part, provides: "An order terminating an action pursuant to this chapter, or [Penal Code] Section 859b, 861,

871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or [Penal Code] Section 859b, 861, 871, or 995 . . . ." All but one of the offenses[1] charged in the instant action have been twice previously terminated: the first time pursuant to Penal Code section 1385 [the same chapter as Penal Code section 1387], and the second time pursuant to Penal Code section 995.

Penal Code section 1387.1, however, provides: "Where an offense is a violent felony, as defined in Section 667.5 and the prosecution has had two prior dismissals, as defined in [Penal Code] Section 1387, the people shall be permitted one additional opportunity to refile charges where either of the prior dismissals under [Penal Code] Section 1387 [was] due solely to excusable neglect. In no case shall the additional refiling of charges provided under this section be permitted where the conduct of the prosecution amounted to bad faith. [¶] (b) As used in this section, 'excusable neglect' includes, but is not limited to, error on the part of the court, prosecution, law enforcement agency, or witnesses."

Petitioner contends (1) Penal Code section 1387.1, effective January 1, 1988, is unconstitutionally vague and ambiguous, (2) the prosecution has the burden of establishing the existence of "excusable neglect," and (3) neither of the prior dismissals was due to "excusable neglect."[2]

### III

 Petitioner's constitutional attack is unpersuasive. He contends Penal Code section 1387.1 is vague and ambiguous because "excusable

---

[1] This third information charges petitioner with rape (Pen. Code, § 261), forced oral copulation (Pen. Code, § 288a, subd. (d)), burglary (Pen. Code, § 459), robbery (Pen. Code, § 211), and assault with a deadly weapon (Pen. Code, § 245, subd. (a)). It is also alleged that he was personally armed with a firearm (Pen. Code, § 12022, subd. (b)) during the rape, oral copulation and robbery; that he inflicted great bodily injury (Pen. Code, § 12022.7) during the burglary, robbery and assault; and, that he has two prior serious felony convictions (Pen. Code, §§ 667, 1192.7, subd. (c)).

The first information also charged petitioner with rape, forced oral copulation, burglary and robbery. But misdemeanor simple assault (Pen. Code, § 240) was charged instead of assault with a deadly weapon. The armed enhancement and prior conviction allegations were the same. But the great bodily injury allegation was limited to the robbery.

The second information was identical to the third with the exception of the great bodily injury allegation, which was limited to the robbery charge.

[2] The instant writ petition raises two other issues we need not address here: (1) Petitioner contends he was denied a substantial right at the second preliminary hearing when the magistrate refused to dismiss the matter under Penal Code section 1387, and (2) petitioner contends he was arrested without probable cause and therefore the superior court erroneously denied his motion to suppress evidence. We denied relief on these two issues when we issued the alternative writ on the two-dismissal question.

neglect" is not defined. The prosecution avoids a direct response by reading the statute differently: The prosecution argues an error by the court, prosecution, law enforcement agency or a witness permits a refiling unless the prosecutor has acted in bad faith. In the trial court, petitioner expressly denied any claim the prosecution acted in bad faith. We agree that a plain reading of the statute makes "excusable neglect" an issue; determining error and whether there was prosecutorial bad faith is not dispositive.

■ "To evaluate [the] claim of vagueness, this court will 'look first to the language of the statute, then to its legislative history, and finally to California decisions construing the statutory language. [Citation.]' (*Pryor* v. *Municipal Court* [1979] 25 Cal.3d 238, 246 [158 Cal.Rptr. 330, 599 P.2d 636].) The meaning of the language of the statute can appear either on the face of the statute or from any 'established technical or common law meaning.' (*In re Newbern* [1960] 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116].)" (*People* v. *Mirmirani* (1981) 30 Cal.3d 375, 383-384 [178 Cal.Rptr. 792, 636 P.2d 1130].)

■ Here, the statute itself gives us some guidelines. Excusable neglect includes "error on the part of the court, prosecution, law enforcement agency, or witnesses." (Pen. Code, § 1387.1, subd. (b).) Even if there is excusable neglect on the part of one of those entities, however, a third filing is barred "where the conduct of the prosecution amounted to bad faith." (Pen. Code, § 1387.1, subd. (a).) Absent bad faith a violent felony can be filed a third time if "either of the prior dismissals . . . [was] due solely to excusable neglect." (*Ibid.*) ■ We cannot ignore the requirement of answering the excusable neglect question because "wherever possible" we must give effect "to every word." (*People* v. *Harris* (1989) 47 Cal.3d 1047, 1082 [255 Cal.Rptr. 352, 767 P.2d 619].)

■ The phrase "excusable neglect" is not unknown in the law. The same phrase allows relief from default in civil actions (Code Civ. Proc., § 473), authorizes filing a late governmental claim (Gov. Code, § 946.6, subd. (c)), can substantiate a claim for a late protective order (Corp. Code, § 6331, subd. (c)), gives the Insurance Commissioner authority to correct errors (Ins. Code, § 12929), may support an employer's request to reduce civil penalties (Lab. Code, § 3702.9), and may have an effect in determining whether taxes were erroneously collected (Rev. & Tax. Code, § 5096.1). Even though the phrase is foreign to the Penal Code, appellate courts have interpreted "excusable neglect" in the context of those other codes.

■ " '[T]he rule of law is well established that where the legislature uses terms already judicially construed, "the presumption is almost irresistible

that it used them in the precise and technical sense which had been placed upon them by the courts." ' [Citations.]" (*People* v. *Curtis* (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33].) **(1d)** Indeed, we cannot resist the temptation here. "Excusable neglect" is a legal term of art common in the law. Judicial interpretations guide us in determining whether either dismissal here was due solely to excusable neglect.

The parties belabor the legislative history which is largely irrelevant when the statute is clear on its face, as we have concluded. Defining the legislative intent is a secondary step we need not take here.

IV

■ ■ ■ ■ ■ Relying primarily on cases construing the same phraseology in Code of Civil Procedure section 473, petitioner urges excusable neglect is a misnomer applied to either dismissal here.[3] We disagree.

The first dismissal followed this court's peremptory writ to the trial court reversing an order granting the prosecution's motion to continue petitioner's jury trial over his objections and beyond the statutory time. In an unpublished opinion, *Tapp* v. *Superior Court, supra,* G007101, we held the prosecutor's motion under Penal Code section 1050 was deficient on technical grounds. The prosecutor filed her own affidavit declaring the unavailability of an essential witness because of the witness's medical condition. She did incorporate a letter from the witness's physician but that letter was neither sworn nor verified. We concluded the court abused its discretion in granting the motion in light of Penal Code section 1050's mandate requiring "affidavits or declarations detailing specific facts showing that a continuance is necessary . . . ." (*Tapp* v. *Superior Court, supra,* G007101 [nonpub. opn.].)

The prosecutor's failure to file a technically correct affidavit was excusable neglect. As we noted in our earlier peremptory writ opinion, petitioner's attorney made only general objections to the prosecutor's showing in support of the motion to continue. There were no specific hearsay objections;

---

[3] We allowed supplemental briefing after oral argument when petitioner's counsel changed her position on the standard of review. During oral argument both parties agreed we should review the trial court's ruling under an "abuse of discretion" standard. In the supplemental brief petitioner urges our role is one of "independent review." We disagree. The application of the statute is a discretionary trial court decision which should be afforded great weight unless a clear abuse of that discretion is demonstrated. (See *Pearson* v. *Continental Airlines* (1970) 11 Cal.App.3d 613, 619 [89 Cal.Rptr. 853].)

we concluded the motion to continue was deficient under Penal Code section 1050 because it was "based on an unauthenticated, unsworn letter and the prosecutor's inadequate declaration." (*Tapp* v. *Superior Court, supra,* G007101 [nonpub. opn.].) We nevertheless concluded the failure to object on hearsay grounds could not waive the motion's deficiencies. (*Ibid.*) Defense counsel was much more specific with her objections in moving for reconsideration, but by then it was too late. The failure to make more specific objections earlier, coupled with the court's acceptance of the showing despite its deficiencies, demonstrates the prosecutor's negligence in not meeting the statute's technical requirements was excusable. Upon reflection, defense counsel did clarify her objections in the written motion for reconsideration. But at the time the motion to continue was granted, the defense objections were general and vague and the court itself overlooked the technical defects. We can hardly say the prosecutor may not be excused for making the same mistake.

Petitioner urges a different cause led to the actual dismissal: the prosecutor's failure to cure her continuance motion's defect after our peremptory writ issued. In other words, petitioner contends it was inexcusable neglect not to renew the motion to continue with a technically correct affidavit from the witness's physician. Again, we disagree. Our opinion held the motion should have been denied. We gave no guidance on whether the motion could be renewed. Without expressing an opinion on that question now, we do know the failure to renew it even if it could be renewed was excusable: Petitioner's counsel took the position the 10-day time period had already lapsed and it was too late to begin the trial. The prosecutor conceded under her "best-case-scenario" that it was the last day. And she was unable to proceed to trial on that day. Because of the prosecution's inability to proceed, the trial court properly dismissed the matter under Penal Code section 1385. The dismissal might have been avoided but it came about solely due to excusable neglect.

In light of our conclusion the first dismissal was due solely to excusable neglect we need not address the cause of the second dismissal. We have advised counsel that petitioner may be entitled to have the assault and burglary charges dismissed for reasons that were not pleaded in the original petition nor briefed by the parties. The assault has only been dismissed once previously and we are not convinced the great bodily injury allegation in the third information allows a third filing of the burglary charge. (*Ante,* fn. 1.)

The prosecution has offered to dismiss those two offenses. Petitioner, however, asks that not be done. We therefore do not address the propriety of those two charges in the current information.

The alternative writ is dissolved and the petition for peremptory writ is denied. Our previously issued temporary stay order is vacated.

Wallin, J., and Sonenshine, J., concurred.

A petition for a rehearing was denied January 11, 1990, and petitioner's application for review by the Supreme Court was denied April 4, 1990. Mosk, J., was of the opinion that the application should be granted.