Filed 11/17/22  Santiago v. Lamont Elementary School Dist. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARY SANTIAGO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LAMONT ELEMENTARY SCHOOL DISTRICT,<br><br>Defendant and Appellant. | F082144<br><br>(Super. Ct. No. BCV-17-100875)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Herr Pedersen & Berglund, Leonard C. Herr, Ronald S. Statler and Caren L. Curtiss for Defendant and Appellant.

Law Offices of Parnell Fox and Parnell Fox for Plaintiff and Respondent.

-ooOoo-

Lamont Elementary School District (defendant) appeals from an order granting a motion filed by Mary Santiago (plaintiff) to strike a posttrial memorandum of costs. Plaintiff's motion was untimely, but the trial court excused the mistake pursuant to Code of Civil Procedure section 473, subdivision (b) (section 473(b)).  Defendant argues the granting of relief under section 473(b) was an abuse of discretion.  Based on the alleged

error, defendant contends the matter "should be remanded for entry of costs in [its] favor."

Defendant does not address the merits of plaintiff's motion to strike. Even before the section 473(b) issue arose, plaintiff had argued defendant's costs were not recoverable unless the trial court made certain findings. In the order from which the appeal is taken, the trial court expressly found against defendant on the relevant issues. Defendant only challenges the section 473(b) ruling, and its arguments are not persuasive. The order will be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendant for unlawful employment practices. The pleadings alleged six causes of action under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). A seventh cause of action alleged retaliation in violation of Labor Code section 1102.5. The Labor Code claim was summarily adjudicated in defendant's favor. A jury trial on the FEHA claims resulted in a complete defense verdict.

On February 28, 2020, defendant submitted a proposed judgment for the trial court's signature. It stated, in relevant part, "Costs, if any, to be determined per Code." Plaintiff objected to this language and attempted to file her own proposed judgment, which the court rejected.

On March 3, 2020, plaintiff filed an amended statement of objections to the proposed judgment. She argued that "[t]he sentence 'Costs, if any, to be determined per Code' [should be deleted] because the 'Code' does not provide costs to a prevailing employer. A prevailing employer is only entitled to costs if it is determined that the unsuccessful employee pursued a FEHA action that is objectively frivolous. [Citation to *Williams v. Chino Valley Independent Fire Dist*. (2015) 61 Cal.4th 97, 115.] Defendant has made no showing Plaintiff brought or pursued a frivolous action." Two weeks later, defendant filed a response arguing its "entitlement to costs, if any, as to [the seventh]

2.

cause of action, will be determined pursuant to the provisions of Code of Civil Procedure section 998 and judicial interpretation thereof."

On April 27, 2020, the trial judge signed the judgment. On April 29, a court clerk e-mailed a copy of the signed judgment to both parties. The message said, "Good morning counsel: [¶] Please see attached Judgment on Special Verdict." The same day, defendant filed a notice of entry of judgment and a memorandum of costs totaling $20,417.67. Both documents were contemporaneously served upon plaintiff's counsel by mail. However, as discussed *post*, plaintiff's counsel did not learn of their existence until several weeks later.

On May 13, 2020, plaintiff filed a notice of intention to move for a new trial. The notice included these statements: "The Court Clerk provided a copy of a file-stamped judgment to the parties by email on April 29, 2020. Plaintiff was uncertain whether the Court Clerk's email triggered the 15-day deadline to file a notice of intention to move for new trial and, thus, out of an abundance of caution, Plaintiff serves her notice forthwith and on the following grounds …."[1]

On May 19, 2020, plaintiff's counsel attempted to electronically file a notice of entry of judgment. She received a rejection message with the following explanation: "Duplicate filing—Notice of Entry of Judgment was filed on April 29, 2020." Next, according to a sworn declaration in the record, plaintiff's counsel "checked the Court's online document system, [and,] seeing no other entry of judgment on file and having received nothing from defense counsel, believed the Court Clerk's email dated April 29, 2020 must have been the 'entry' referenced in the Rejection Notice."

---

[1]A party's notice of the intention to move for a new trial must be filed either "(1) After the decision is rendered and before the entry of judgment" or "(2) Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to [Code of Civil Procedure section] 664.5, or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest …." (Code Civ. Proc., § 659, subd. (a).)

3.

Six weeks later, on Thursday, July 2, 2020, the defense contacted plaintiff's counsel by e-mail to propose settling the case before the hearing on the motion for new trial. The message read, in pertinent part: "My client has costs in excess of $20,000. If the motion for new trial is not granted, then I think costs will be pursued against your client. (A copy of the cost bill is attached.)" Plaintiff's counsel responded the same day:

> "Thank you for reaching out but your cost bill was never served on me. Your email of today is the first time I am seeing it. I also never received your notice of entry of judgment until seeing it attached to your opposition papers.[2] Do you have a postal log proving these items were mailed to me? [¶] I will file a motion to tax to oppose the memo of cost with a declaration that the memo was not served. [¶] Are there any other documents your office served only by mail since the trial? [¶] Thank you."

The attorneys exchanged additional correspondence over the next 24 hours. Plaintiff's counsel tried "to get to the bottom" of her nonreceipt of the mailed documents, and she also requested a stipulation to allow the filing of a motion to tax costs on or before July 17, 2020. Defense counsel responded, "I will check with my client and get back to you about extending the time to file a motion to tax." Defendant evidently refused to stipulate.

On Monday, July 6, 2020, plaintiff filed a motion to strike the entire cost bill or, in the alternative, to tax costs in the amount of $3,363.90. Plaintiff further requested the untimeliness of her motion be excused pursuant to section 473(b). The motion was supported by a declaration explaining the circumstances summarized above.

On July 20, 2020, plaintiff's counsel filed a supplemental declaration. Defendant's opposition papers were filed two days later. On August 4, 2020, the motion was heard and taken under submission.

Read together, the moving papers and hearing transcript generally explain what happened to the mail-served documents. Plaintiff's counsel worked from home. She also

---

[2]Defendant's opposition to the motion for new trial was filed June 5, 2020. The notice of entry of judgment was attached as an exhibit to a supporting declaration.

4.

rented out a room to a third party, and his mail was delivered to the same address. Plaintiff's "office assistant" was a family member who also lived in the home. The office assistant was the person who usually retrieved and distributed the incoming mail.

In her declaration of July 6, 2020, plaintiff's counsel denied ever receiving the mail-served documents. In her supplemental declaration of Monday, July 20, 2020, she attested that on Friday, July 17, 2020, she learned the documents had been in her tenant's possession. The tenant had reportedly "explained that the envelope somehow got mixed with his mail and he just noticed it while in the process of moving to a new location." At the motion hearing, the tenant was described as "a young kid." The tenant had allegedly said "he did not check any of his mail because he doesn't get a lot of mail." Upon receiving the unopened envelope from her tenant, counsel promptly updated opposing counsel and the trial court.[3]

On September 15, 2020, the trial court issued a written decision granting plaintiff's motion in full. With regard to section 473(b), the court found "defendants [*sic*] can show no prejudice. Additionally, under the circumstances described by plaintiff's counsel the Court [finds] her actions were the result of mistake and inadvertence."

As for the issue of costs, the trial court relied on *Williams v. Chino Valley Independent Fire Dist.*, *supra*, 61 Cal.4th 97 (*Williams*), i.e., the case plaintiff had cited in her objection to the proposed judgment back in February 2020. The trial court found plaintiff's FEHA claims were not "objectively without foundation when brought nor did

---

[3]At the motion hearing, plaintiff's counsel said the tenant "did not even return it to me until July the 2nd," which conflicted with her supplemental declaration ("On July 17, 2020, I received an unopened envelope from my tenant"). The discrepancy is noted in defendant's reply brief. However, as explained above, July 2, 2020, was the date plaintiff's counsel first received a copy of the cost bill as an attachment to defense counsel's e-mail. Viewing the record in the light most favorable to the ruling, we assume plaintiff's counsel momentarily transposed the dates in her mind and simply misspoke. We extend the benefit of the doubt to *defendant* for similar mistakes in its own briefing. For example, on page 12 of the opening brief, the filing date of plaintiff's motion is erroneously listed as "June 6, 2020" (the correct filing date was 7/6/20). Defendant also makes two erroneous references to the "unidentified tenant" in its reply brief. The tenant's full name was disclosed in plaintiff's counsel's supplemental declaration.

she continue to litigate it without any basis for going forward." Acknowledging it had previously "indicated it believed the case to be weak," the trial court nevertheless concluded "the evidence presented by plaintiff was sufficient to preclude [a] finding that it was frivolous, unreasonable, or groundless." Although the seventh cause of action was not a FEHA claim, it was deemed "factually intertwined with and dependent upon her FEHA claims [such] that the rationale of *Williams* militates against awarding defendants [*sic*] costs related to the one non-FEHA cause of action."[4]

The order granting plaintiff's motion was filed in November 2020. Defendant filed a timely notice of appeal.

## DISCUSSION

### I. Legal Overview

"A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal …." (Cal. Rules of Court, rule 3.1700(a)(1).) "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum." (*Id*., rule 3.1700(b)(1).) These deadlines are not jurisdictional. (*Haley v. Casa Del Rey Homeowners Assn*. (2007) 153 Cal.App.4th 863, 880.)

The relevant deadlines are automatically extended by up to five calendar days depending on the method of service (and longer for out-of-state mailing). (Cal. Rules of

---

[4]In *Williams*, the California Supreme Court held that a prevailing defendant in a FEHA action "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." (*Williams*, *supra*, 61 Cal.4th at p. 115.) In 2018, this holding was incorporated into the text of Government Code section 12965. (See Stats. 2018, ch. 955, § 5.) The statute now provides "that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." (Gov. Code, § 12965, subd. (c)(6).)

6.

Court, rule 3.1700(b)(1); see Code Civ. Proc., § 1013, subd. (a).) The parties may stipulate to further extensions of time. (Cal. Rules of Court, rule 3.1700(b)(3).) "In the absence of an agreement, the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days." (*Ibid.*) Plaintiff admits her motion was untimely, and defendant concedes the trial court had authority to excuse the mistake upon a proper showing of grounds for relief under section 473(b).

"Preliminarily, we note that there are two types of relief set forth in section 473, subdivision (b): discretionary and mandatory." (*Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192.) Mandatory relief is limited to "the relatively narrow category of default judgments and dismissals." (*Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 296.) "Under the discretionary provision, 'the court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.'" (*Lee*, *supra*, at p. 1192, quoting Code Civ. Proc., § 473, subd. (b).) "[T]he failure of counsel to meet a procedural deadline [is] a proper subject for section 473 relief." (*Lee*, at p. 1193.)

"In determining whether the attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent *person* under the same or similar circumstances" might have made the same error.' [Citation.] In other words, the discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] 'Conduct falling below the professional standard of care … is not therefore excusable.'" (*Zamora v. Clayborn Contracting Group*, *Inc.* (2002) 28 Cal.4th 249, 258.) "Relevant factors in assessing counsel error include: '(1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim.'" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.) Diligence is determined by how counsel reacted

7.

after discovering the problem.  (See *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 ["Unexplained delays of more than three months in seeking relief from default after knowledge of its entry generally result in denial of relief"].)

A section 473(b) motion "is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal."  (*Generale Bank Nederland v. Eyes of the Beholder Ltd*. (1998) 61 Cal.App.4th 1384, 1399.)  The trial court's granting of relief "implies it believed counsel's explanation," and such credibility determinations are binding on the appellate court.  (*Gee v. Greyhound Lines*, *Inc*. (2016) 6 Cal.App.5th 477, 492; accord, *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915.)  Moreover, defendant's briefing concedes the truth of plaintiff's counsel's explanations for the untimely motion.

"The general underlying purpose of section 473(b) is to promote the determination of actions on their merits.  [Citation.]  The additional, more specific purposes of section 473(b)'s provision for relief based on attorney fault is to 'relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.'"  (*Even Zohar Construction & Remodeling*, *Inc. v. Bellaire Townhouses*, *LLC* (2015) 61 Cal.4th 830, 839.)  "Therefore, any doubts in applying section 473 must be resolved in favor of the party seeking relief. When the moving party promptly seeks relief and there is no prejudice to the opposing party, very slight evidence is required to justify relief."  (*Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343.)  "In such cases, the law 'looks with [particular] disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.'"  (*Zamora v. Clayborn Contracting Group*, *Inc*., *supra*, 28 Cal.4th at p. 258.)

Here, the trial court found defendant was not prejudiced by its consideration of plaintiff's untimely motion.  Despite plaintiff arguing this finding was correct, defendant

offers no discussion of prejudice in its briefing.  We thus presume the trial court had broad discretion to grant relief under section 473(b).  (See *Zamora v. Clayborn Contracting Group*, *Inc*., *supra*, 28 Cal.4th at p. 258; *Mink v. Superior Court*, *supra*, 2 Cal.App.4th at p. 1343; see also *Alvarez v. Jacmar Pacific Pizza Corp*. (2002) 100 Cal.App.4th 1190, 1206, fn. 11 ["It is not our responsibility to develop an appellant's argument"].)

## II.     Analysis

### A.      Mishandling of Incoming Mail

Defendant's reply brief rhetorically asks, "What policy, procedure or practice was in place to ensure legal mail was safeguarded after it was received?  Were there practices and procedures in place to safeguard legal mail?  If there were reasonable safeguards in place, why weren't they followed?  And, if there weren't any safeguards in place, why not?"

There is precedent for excusing the mishandling of documents by nonattorneys.  In *Gorman v. California Transit Co*. (1926) 199 Cal. 246 (*Gorman*), "the summons and complaint in said action were served upon the secretary of [the defendant] corporation …, who at once delivered the same to [the manager] in charge of the traffic department of the defendant, with the direction that said summons and complaint, together with the file relating to the accident, be delivered to … the president of the corporation, immediately upon his return from Los Angeles, where he then was and from which he was expected to return within a few days."  (*Id*. at p. 247.)  The documents were left on the president's desk but later "inadvertently taken [from there] by one of the employees of the corporation," who brought them back to the traffic department and "returned [the items] to the compartment in which such files were ordinarily kept."  Consequently, the manager forgot about the documents and "the matter was not called to the attention of the president upon his return, nor in fact until some days after the default of the corporation had been taken."  (*Ibid*.)

The *Gorman* court affirmed an order granting discretionary relief from default under former section 473.[5]  It held the circumstance of "said papers [being] mistakenly removed from [the president's] desk by another employee …," along with the other "intervening facts," provided "a sufficient basis to justify the conclusion of the trial court."  (*Gorman*, *supra*, 199 Cal. at p. 249.)  "[T]he inadvertence or neglect in question was not the result of mere forgetfulness *on the part of the person or official charged with the duty of responding to the legal process in due time*, but that such inadvertence or neglect was based upon other circumstances which would suffice to render the same excusable."  (*Id*. at p. 248, italics added.)

In *Pearson v. Continental Airlines* (1970) 11 Cal.App.3d 613, "an assistant secretary" of the corporate defendant received legal papers served upon his employer and "gave the documents to [a person] on his clerical staff—he could not recall her identity." (*Id*. at p. 617.)  The established procedure was for the clerical staff to forward such material to the company's insurance department, which inexplicably did not occur and ultimately resulted in the entry of a default.  When the error was discovered, defense counsel "requested a stipulation to set aside the default for the reason that the matter had just gotten into the hands of an attorney."  Opposing counsel "refused to enter into the stipulation requested but did say that he would discuss a settlement of the case."  (*Ibid*.) The granting of relief under former section 473 was affirmed on appeal.  While the exact reason for the mistake could not be determined, it was held to be "fairly inferable" the unidentified clerk had either misunderstood the assistant secretary's directive or "failed to follow customary procedures."  (*Pearson*, at p. 618.)

Determining whether the mishandling of legal documents is excusable under a given set of facts is "primarily for the trial court's discretion."  (*Pearson v. Continental Airlines*, *supra*, 11 Cal.App.3d at p. 616, citing *Gorman*, *supra*, 199 Cal. at pp. 248–249

---

[5]Prior to 1989, all relief under Code of Civil Procedure section 473 was discretionary. (*Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64.)

10.

and *Benjamin v. Dalmo Mfg. Co*. (1948) 31 Cal.2d 523, 527.)  Here, plaintiff's counsel worked from home and had an office assistant whose responsibilities included retrieving and delivering the incoming mail.  Through no apparent fault of counsel, the assistant mishandled an important package.  We see no error in the trial court's discretionary refusal to hold this mistake against the attorney's innocent client.

### B.     Failure to Investigate

To recap the timeline, a court clerk e-mailed a copy of the signed judgment on April 29, 2020.  That same day, presumably after its receipt of the e-mail, defendant filed and served a notice of entry of judgment (notice of entry) by United States Postal Service mail.  The notice of entry triggered the 15-day deadline for filing a memorandum of costs.  Although defendant could have waited to file its cost bill, or refrained from filing one at all, it chose to contemporaneously file and serve it along with the notice of entry.

Pursuant to the California Rules of Court and Code of Civil Procedure, any motion to strike or tax the cost bill was due on or about May 19, 2020.  Coincidentally, on the very same date, plaintiff's counsel attempted to electronically file her own notice of entry.  As first explained in the notice of intention to move for a new trial, filed May 13, 2020, plaintiff's counsel had only received a copy of the judgment via e-mail from the court clerk and was unsure if it constituted a notice of entry of judgment.  On May 20, 2020, counsel received notice that her electronic filing of the previous day was rejected because a notice of entry had already been filed on April 29, 2020.

Defendant claims the rejection notice of May 20, 2020, informed plaintiff's counsel of "facts … that could have justified relief under … section 473(b)."  But what defendant is really arguing is the rejection notice triggered a duty to investigate the *possibility* that a memorandum of costs had been filed and the time to oppose it had expired.  Defendant further contends it was unreasonable for plaintiff's counsel to believe the clerk's e-mail might qualify as a notice of entry.

11.

Defendant faults plaintiff's counsel for "fail[ing] to even try and figure out what the status of the judgment was on May 20, 2020, when she found out somebody had filed a notice of entry of judgment." However, plaintiff's counsel *did* investigate the situation by checking the court's online register of actions. Seeing no relevant information on the register of actions, and presumably being aware the Code of Civil Procedure authorizes a notice of entry by the clerk of court (*id.*, § 664.5), counsel's supposition regarding the clerk's e-mail did not exceed all bounds of reason.[6] Furthermore, the fact a notice of entry had been filed did not necessarily mean a *memorandum of costs* had been filed. The filing and service of the notice of entry on April 29, 2020, gave defendant until approximately May 19, 2020, to file its memorandum of costs. (See *Nevis Homes LLC v. CW Roofing*, *Inc.* (2013) 216 Cal.App.4th 353, 356–357 [holding the five-day extension under Code Civ. Proc., § 1013, subd. (a), applies to the deadline for filing a memorandum of costs].)

The closer issue—which the parties fail to address in their briefs—is whether there was cause for alarm on or about June 5, 2020, when defendant electronically filed and served its opposition to the motion for new trial. A copy of the notice of entry and the proof of service by mail were included in the opposition papers. In her e-mail exchange with the defense on July 2, 2020, plaintiff's counsel acknowledged having previously seen the notice of entry while reviewing the opposition. If we assume diligence is assessed based on when an attorney knew *or should have known* of the need for relief under section 473(b), there was arguably a four-week delay (6/5/20–7/6/20).

But again, learning a notice of entry had been served by surface mail on April 29, 2020, did not necessarily mean a cost bill had been filed. Plaintiff's counsel had stated her position at trial, and again when the proposed judgment was filed, that the *Williams* case barred defendant from recovering any costs unless the trial court made certain

---

[6]At the motion hearing, plaintiff's counsel speculated the register of actions had not yet been updated "because of the Covid." She was referring, of course, to the Covid-19 pandemic and the substantial, statewide disruptions to court operations during the relevant time period.

specific findings.  Believing strongly in the merits of her argument, counsel may have assumed defendant weighed the chances of success (which in counsel's mind were low) against the expense of litigating the issue and had chosen not to pursue costs.

Could plaintiff's attorney have done more to investigate the possibility a memorandum of costs was filed but not received by her office?  Yes.  Was counsel's failure to take further investigatory action so objectively unreasonable as to preclude relief under section 473(b)?  Reasonable minds could reach different conclusions.

"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479.)  Accordingly, we defer to the trial court's broad discretion to excuse counsel's mistakes.  (See *Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 34 ["Numerous courts have found no abuse of discretion in granting relief where the section 473 motions at issue were filed seven to 10 weeks after entry of judgment"]; *Huh v. Wang*, *supra*, 158 Cal.App.4th at p. 1420 ["Whether a party has acted diligently is a factual question for the trial court"].)

## DISPOSITION

The challenged order is affirmed.  Plaintiff is awarded her costs on appeal.


PEÑA, J.

WE CONCUR:


HILL, P. J.


DETJEN, J.


13.